UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| THOMAS JAMAR BROWN | CIVIL ACTION NO.11-1260 |
| VERSUS | JUDGE S. MAURICE HICKS |
| CITY OF SHREVEPORT, ET AL. | MAGISTRATE JUDGE HORNSBY |

### MEMORANDUM RULING

Before this Court is Plaintiff, Thomas Jamar Brown's, Motion to Amend/Correct Complaint (Record Document 21) and Defendant, City of Shreveport, et al's, Motion to Dismiss (Record Document 17). Based on the following, Brown's motion is **GRANTED** and the City of Shreveport's motion is **DENIED**.

### BACKGROUND

Brown filed this civil rights suit alleging excessive force and other claims against a Shreveport policeman and related defendants. The original complaint was filed by Brown on July 01, 2011. (Record Document 1). At that time Brown was represented by attorney Joe Clark. Id. On March 16, 2012, a Notice of Intent to Dismiss the Case for Failure to Effect Service Within 120 Days (Record Document 2) was filed, however a Motion for Extension of Time (Record Document 6) was granted by Magistrate Judge Hornsby on April 4, 2012 (Record Document 7). A second Notice of Intent to Dismiss Case for Failure to Effect Service Within 120 days was filed on August 3, 2012 (Record Document 8). On April 4, 2012, an Order of Dismissal by the Clerk under LR 41.3 was filed based on the failure

to effect service. (Record Document 9). Brown filed a Motion to Reopen/Reinstate the Case (Record Document 10) on April 3, 2014, following the death of his attorney, Joe Clark. Magistrate Judge Hornsby granted the Motion to Reopen/Reinstate the Case (Record Document 11) on April 4, 2014, and gave Brown until May 9, 2014 to either enroll new counsel or file notice he would be self-represented. Judge Hornsby also set a deadline of June 5, 2014 to effect service. On May 9, 2014 Plaintiff filed a notice of intent to self-represent. (Record Document 12). The summons evidencing service on defendants by plaintiff were returned on June 4, 2014, complying with Judge Hornsby's deadline.

**LAW AND ANALYSIS**

Under Rule 15(a) of the Federal Rules of Civil Procedure, "leave to amend shall be freely given when justice so requires" and should be granted absent some justification for refusal. See Forman v. Davis, 371 U.S. 178, 83 S. Ct. 227 (1962); Fahim v. Marriott Hotel Servs., Inc., 551 F. 3d 344, 347 (5th Cir. 2008). [U]nless there is a substantial reason, such as undue delay, bad faith, dilatory motive or undue prejudice to the opposing party, the discretion of the district court is not broad enough to permit denial." Martin's Herend Import, Inc. v. Diamond & Gem Trading, 195 F. 3d 765, 770 (5th Cir. 1999). However, leave to amend "is by no means automatic" and the decision "lies within the sound discretion of the district court." Parish v. Frazier, 195 F. 3d 761, 763 (5th Cir. 1999).

The facts of this case are somewhat unusual, due in large part to the ongoing illness and ultimate death of Brown's attorney in December 2013. Defendants have argued that the Motion to Correct/Amend is untimely based on their assertion that Brown's original complaint is untimely due to the failure to serve the defendants. This argument fails

however, because Magistrate Judge Hornsby reopened the case and set new deadlines for service upon the defendants. Brown complied with both the deadline of notifying this Court he wished to represent himself, as well as the deadline imposed to provide service upon the defendants. It would be improper for this Court to find that Brown did not provide service in a timely fashion, when he did in fact comply with the Magistrate Judge's new deadlines as to service. Defendant argues that "[I]n the case at bar, the delay is lengthy and clear (Record Document 25)." This argument does not negate the fact that by virtue of the new service deadlines imposed by Judge Hornsby, service was made timely, regardless of what the facts were prior to the new deadlines.

Defendants also argue that the Motion to Correct/Amend is improper because of the failure to prosecute pursuant to Rule 41. This argument is almost identical to that made regarding the argument that service was not made timely on the original complaint therefore it cannot be amended or corrected. Again this Court believes that such an argument fails based on the Magistrate Judge's ruling to reopen the case and set new deadlines for making service upon defendants.

**CONCLUSION**

Based on the foregoing,

**IT IS ORDERED** that the Motion to Amend/Correct Complaint (Record Document 21) is **GRANTED**. In light of the ruling on this motion, defendant's Motion to Dismiss (Record Document 17) is **DENIED WITHOUT PREJUDICE**. Defendants may re-file their Motion to Dismiss after reviewing the claims in Plaintiff's Amended Complaint.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 10th day of March, 2015.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE